On January 20, 1998, plaintiff-appellant Paul Mancino, Jr. filed a civil complaint against defendant-appellee Third Federal Savings Loan in the Cleveland Municipal Court. In his complaint, Mancino averred that: (1) Third Federal issued "various Money Orders"; (2) Mancino was the holder in due course of these money orders; and (3) Third Federal "illegally and unlawfully stopped payment on these Money Orders and has refused to honor the Money Orders."
Attached to the complaint in this action were copies of fifteen money orders issued by Third Federal and drawn on Federal Home Loan Bank of Cincinnati, Ohio. The attached money orders listed Mancino as the payee and Martin and/or Maria Molina as the sender[s].
The Cleveland Municipal Court issued a civil summons to Third Federal and, on or about February 6, 1998, the court served the summons by certified mail. However, Third Federal failed to answer or otherwise make an appearance in the underlying case.
On April 27, 1998, a municipal court magistrate conducted a default judgment hearing. After the hearing, the magistrate made the following findings:
 Plaintiff was given a series of money orders between 1988 and 1990 from a client for payment of professional services. The client placed a stop payment order on the instruments. Later, when Plaintiff presented a money order for payment from Defendant-bank the instrument was dishonored due to the stop payment order. (A new money order was issued to the client at the time the stop payment request was made.)
The magistrate then held:
 A money order is the equivalent of a check. A customer has the right to stop payment on a money order. R.C. 1304.32. Payment may be stopped against a holder in due course, but the drawer remains liable on the money order. R.C. 1304.32, Comment 8 (1961). The drawee-bank has no obligation to pay a payee on presentment over a valid stop payment order. The drawer remains liable on the money order.
On May 8, 1998, Mancino filed objections and exceptions to the magistrate's decision. The magistrate's report was subsequently filed on May 26, 1998. On May 26, 1998, the court dismissed Mancino's complaint with prejudice. In a journal entry filed on July 20, 1998, the court overruled Mancino's objections to the magistrate's report.
On August 14, 1998, Mancino instituted this appeal. Mancino alleges the following errors for our review:
 I. THE CLEVELAND MUNICIPAL COURT ERRED IN NOT ACCEPTING THE ALLEGATIONS OF THE COMPLAINT AS TRUE AND GRANTING A DEFAULT JUDGMENT TO PLAINTIFF.
 II. THE COURT ERRED IN NOT GRANTING JUDGMENT TO PLAINTIFF.
Finding Mancino's first assignment of error to lack merit, we affirm the judgment of the trial court in part. Finding merit in the second assignment of error, we reverse in part the judgment of the trial court and remand this case to the Cleveland Municipal Court for further proceedings consistent with this opinion.
 I.
In his first assignment of error, Mancino claims that the trial court erred in not granting a default judgment in his favor. Mancino insists that the trial court was required to accept the allegations of his complaint as true and, therefore, should have granted him a default judgment.
Civ.R. 55(A) provides in pertinent part:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties. (Emphasis added.)
A trial court's ruling on a motion for default judgment will not be reversed absent an abuse of discretion. See Davis v.Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 14. Although the averments in a plaintiff's complaint may be taken as true, the court is not required to automatically enter default judgment against the defendant for failing to answer. Civ.R. 55. Instead, the party moving the court for default judgment has to establish his claim for relief to the court's satisfaction. Civ.R. 55.
Based upon the foregoing, we find that the trial court did not abuse its discretion in refusing to grant a default judgment in Mancino's favor. Accordingly, the first assignment of error is overruled.
 II.
As for his second assignment of error, Mancino argues that the trial court erred in dismissing his complaint; instead, Mancino insists that the court should have granted judgment in his favor.
Negotiable instruments, including money orders, are governed by Chapter 1303 of the Ohio Revised Code. In addition, stop payment issues are governed by R.C. 1304.32 and its official comments.
R.C. 1303.03 provides:
(F) "Check" means either of the following:
 (1) A draft, other than a documentary draft, payable on demand and drawn on a bank;
(2) A cashier's check or teller's check.
 An instrument may be a "check" even though it is described on its face as a "money order" or by another term.
* * *
 (H) "Teller's check" means a draft drawn by a bank on another bank or payable at or through a bank.
Official Comment 4 to R.C. 1303.03 provides in part:
 "Money orders" are sold both by banks and non-banks. They vary in form and their form determines how they are treated in Article 3. The most common form of money order sold by banks is that of an ordinary check drawn by the purchaser except that the amount is machine impressed. That kind of money order is a check under Article 3 and is subject to a stop order by the purchaser-drawer as in the case of ordinary checks. The seller bank is the drawee and has no obligation to a holder to pay the money order. If a money order falls within the definition of a teller's check, the rules applicable to teller's checks apply.
Under R.C. 1304.01(A)(5), the term "customer" is defined to include "a bank that maintains an account at another bank." In the instant case, the subject money orders were in fact teller's checks drawn by Third Federal on another bank, Federal Home Loan Bank of Cincinnati, Ohio; Third Federal was the drawer of the money orders.
R.C. 1304.32(A) provides:
 A customer, or any person authorized to draw on the account if there is more than one person, may stop payment of any item drawn on the customer's account or close the account by an order to the bank describing the item or account with reasonable certainty received at a time and in a manner that affords the bank a reasonable opportunity to act on it before any action by the bank with respect to the item described in section 1304.29 of the Revised Code. If the signature of more than one person is required to draw on an account, any of these persons may stop payment or close the account.
Official Comment 8 to R.C. 1304.32 provides:
 It has sometimes been said that payment cannot be stopped against a holder in due course, but the statement is inaccurate. The payment can be stopped but the drawer remains liable on the instrument to the holder in due course (Sections 3-305, 3-413 [RC 1303.34, 1303.49]) * * * (Emphasis added.)
In the case sub judice, Mancino was a holder in due course of the money orders/teller's checks. The Molinas were the original purchasers of the money orders; however, they were not the drawers of the instruments. Third Federal was the drawer of the money orders — the money orders were drawn on Third Federal's account with Federal Home Loan Bank. Contrary to Mancino's argument, Third Federal, as a customer of Federal Home Loan Bank, had a right to stop payment of the money orders drawn on Third Federal's account pursuant to R.C. 1304.32(A). However, pursuant to Official Comment 8 to R.C. 1304.32, Third Federal, as the drawer of the money orders, remains liable on the underlying instruments to Mancino.
Based upon the foregoing, we find that the trial court erred in granting judgment in favor of Third Federal. The second assignment of error is sustained. The judgment of the trial court is reversed in part, and this case is remanded for further proceedings consistent with this opinion.
The judgment is affirmed in part, reversed in part and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, ADM. J. AND ANNE L. KILBANE, J. CONCUR.
 _________________________________ LEO M. SPELLACY JUDGE